**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COLONY INSURANCE COMPANY,<br><br>                      Plaintiff,<br><br>  v.<br><br>ADVANCED PARTICLE THERAPY LLC, *et al.*,<br><br>                      Defendants. | Case No. 17-cv-01427-BAS-AGS<br><br>**ORDER DENYING MOTION TO INTERVENE**<br><br>**[ECF No. 11]** |

      Colony Insurance Co. ("Colony") brings this action for declaratory relief against Advanced Particle Therapy, LLC ("APT") seeking a declaration that Colony is not responsible for defending or indemnifying APT for various lawsuits submitted to Colony between 2014 and 2017. APT has failed to answer the Complaint, and Colony has moved for default judgment. (ECF No. 10.)

      Now pending before the Court is a Motion to Intervene filed by Robert Yaquinto, as the Liquidating Trustee for the Dallas Proton Treatment Center, LLC ("Dallas Center") and the Dallas Proton Holdings, LLC ("Dallas Holdings") (together "Dallas Proton

Entities"). (ECF No. 11.) Colony opposes Yaquinto's Motion to Intervene. (ECF No. 13.) For the reasons stated below, the Court **DENIES** Yaquinto's Motion to Intervene.

I.  BACKGROUND

APT was "the promoter and organizer of four separate proton therapy cancer treatment centers located in San Diego, Dallas, Atlanta and Baltimore." (Compl. ¶ 4). Colony issued a policy effective May 24, 2015 to May 24, 2016 to APT (the "Policy"). (Compl. ¶ 8, Ex. A.)

From June 2015 through April 2017, APT submitted to Colony multiple lawsuits for determination of coverage under this insurance Policy. (Compl. ¶¶ 10-38.) In response to this submission, Colony issued reservation of rights letters, appointed defense counsel to represent APT, and began incurring costs and fees. (Compl. ¶¶ 51-56.) Colony has brought this action for Declaratory Relief requesting that this Court find that Colony is not responsible for defending APT under various exclusions in the Policy.

One of the lawsuits at issue, described in the Complaint as the "Trustee Matter," involved a lawsuit filed on April 28, 2017 by Robert Yaquinto, as the Liquidating Trustee for the Dallas Proton Entities, against APT in the U.S. Bankruptcy Court in the Northern District of Texas. (Compl. ¶ 35.) Yaquinto alleges that APT was negligent and breached its duty of loyalty to the Dallas Proton Entities.

Colony alleges that "APT controls 96.4% of Dallas Holdings Class B shares, with Dallas Holdings Board Members being elected exclusively by holders of Class B units" and that "Dallas Holdings maintains 100% ownership in Dallas Center." (Compl. ¶ 36.) Thus, Colony claims that Dallas Holdings is a "subsidiary" of APT and that Dallas Center is both a "subsidiary" and an "affiliate" under the Policy, and thus Yaquinto's claims are barred under Exclusion A of the Policy. (Compl. ¶¶ 47, 61-62.) Colony further alleges that coverage is excluded under Exclusion B (*id.* ¶ 63), Exclusion R (*id.* ¶ 65), Exclusion V (*id.* ¶ 66), and Exclusion W (*id.* ¶ 67) of the Policy. Specifically, Colony claims that APT commingled, misappropriated, and/or misused approximately $30,000,000 in funds

from Dallas Holdings and redirected the funds to other APT investments and converted the funds for its own benefit, actions that would all be excluded under the Policy. (Compl. ¶¶ 65-67.)

## II. ANALYSIS

### A. Intervention By Right

Under Federal Rule of Civil Procedure 24(a)(2), a district court must allow intervention if the proposed intervenor demonstrates that: (1) the application to intervene is timely; (2) the "applicant has a significant protectable interest relating to the property or transaction that is the subject of the action;" (3) "disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest;" and (4) "the existing parties may not adequately represent the applicant's interest." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (quoting *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006)). "While an applicant seeking to intervene has the burden to show that these four elements are met, the requirements are broadly interpreted in favor of intervention." *Id.; see also Smith v. Los Angeles Unified School Dist.*, 830 F.3d 843, 853 (9th Cir. 2016) ("A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts." (quoting *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011))).

Because this Court ultimately finds Yaquinto does not have a significant protectable interest related to the property or transaction, the Court does not address the other three elements. "Whether an applicant for intervention as of right demonstrates sufficient interest in an action is a practical, threshold inquiry, and [n]o specific legal or equitable interest need be established." *Citizens for Balanced Use*, 647 F.3d at 897 (quoting *NW Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1998). However, "[t]o demonstrate a significant protectable interest, an applicant must establish that the interest is protectable under some law and that there is a relationship between the legally protected interest and the claims at issue." *Id.* "An economic stake in the outcome of the litigation,

even if significant, is not enough." *Greene v. United States,* 996 F.2d 973, 976 (9th Cir. 2003).

Yaquinto argues that he has a significant protectable interest because, if a judgment is entered in favor of Colony, coverage that might otherwise be available under the Policy to pay for APT's liability to Dallas Center will be lost. Most circuit courts addressing this issue have held that such contingent economic interests are insufficient to establish a significant protectable interest. *See, e.g., Medical Liability Mut. Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006, 1008-09 (8th Cir. 2007) (denying intervention when intervenor's "only interest . . . is to ensure that the defendants in her state lawsuit have sufficient resources to satisfy any judgment she might obtain against them. This interest is too remote and indirect to qualify as cognizable interest under Rule 24(a)(2)"); *Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005) (denying intervention because the claimant's "interest in the subject matter of the declaratory action is purely economic," the claimant was "not a party to the . . . insurance policy and has no legally protectable interest in that insurance policy," and the claimant's "interest is purely speculative because it is contingent upon his prevailing . . . in the wrongful death action."); *Liberty Mut. Ins. Co. v. Treesdale Inc.*, 419 F.3d 216, 222 (3rd Cir. 2005) ("Appellants here have no property interest in the . . . policies nor do they have any other legally protectable interest in the policies. Rather, they have the kind of economic interest in the insurance proceeds that we have held does not support intervention as a matter of right."); *Reliastar Life Ins. Co. v. MKP Invs.*, 565 Fed. Appx. 369, 372 (6th Cir. 2014) ("[A] putative intervenor does not possess the requisite interest where its 'primary interest' in the litigation is to preserve a party's financial viability in order to protect the intervenor's own economic interest in the party's continued solvency."); *Deutsche Bank Nat. Trust Co. v. F.D.I.C.*, 717 F.3d 189, 195 (D.C. Cir. 2013) ("[C]ircuits have generally concluded that a party may not intervene in support of a defendant solely to protect judgment funds that the party wishes to recover itself.").

Practical considerations support this conclusion as well. As noted by the Ninth Circuit, if "an allegedly impaired ability to collect judgments arising from past claims" sufficed to confer a right to intervention, then "virtually any creditor of a defendant [could] intervene in a lawsuit where damages might be awarded." *United States v. Alisal Water Corp.*, 370 F.3d 915, 920 (9th Cir. 2004).

Although the Court finds Yaquinto's interest in this Declaratory Relief action understandable, the fact remains that his interest on behalf of the Dallas Proton Entities is purely economic. Yaquinto argues that Colony's inclusion of "Does" in the case shows that Colony "anticipated binding other parties to the adjudication." However, "even though a liability insurer has the option to join an injured third party as a codefendant in the insurer's declaratory relief action to determine coverage, that does not mean that a third party claimant has equivalent rights." *See Otay Land Co. v. Royal Indem. Co.,* 169 Cal. App. 4th 556, 564-5 (2008). Neither Yaquinto nor either of the Dallas Proton Entities is a party to the insurance policy nor do they have any legally protectable interest in that insurance policy.[1]

Furthermore, Yaquinto's recovery is contingent on his successful lawsuit against APT. Until liability is settled, the Court cannot be certain that controversy will exist. This purely speculative harm is insufficient to rise to the level of a significant protectable interest.

Yaquinto's reliance on *Haynes v. Farmers Insurance Exchange*, 32 Cal. 4th 1198 (2004) and *Thompson v. Mercury Casualty Co.*, 84 Cal. App. 4th 90 (2000) is inapposite. In those cases, the court was not required to address any proposed right to intervene—all

---

[1] Yaquinto further argues that since Colony argues that Dallas Center and Dallas Holdings were an affiliate or subsidiary of APT, they should be allowed to stand in APT's shoes. Colony points out, however, that if the Yaquinto's position is that these Dallas entities are, in fact, one and the same with APT, then Exclusion A preventing insured versus insured clearly applies. For obvious reasons, Yaquinto does not commit to this position. If Dallas Center and Dallas Holdings do not stand in APT's shoes, they cannot intervene. If they do, then Colony need not defend them.

– 5 –

17cv1427

parties were already in the case. As noted in a later California Court of Appeal case, these two cases "do not represent authority for extending their rationale into the arena of liability policy interpretations" in the context of a proposed intervention "of a claimant into an existing declaratory relief action that deals with coverage disputes between insurer and insured." *Royal Indem. Co. v. United Enters., Inc.*, 162 Cal. App. 4th 194, 199 (2008).

Because the Court concludes that Yaquinto does not have a significant protectable interest beyond a hope that he might be able to tap into the insurance proceeds at some later date, the Court **DENIES** the Motion to Intervene by Right.

### B. Permissive Intervention

"A court may grant intervention under Fed. R. Civ. P. 24(b) where: (1) the movant shows an independent ground for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense and the main action have a question of law or fact in common." *Greene*, 996 F.2d at 978.

In this case, Yaquinto claims that APT was negligent and breached its duty of loyalty to the Dallas Proton Entities. This claim shares no questions of law or fact with Colony's claim in this case that the exclusions in the Policy prohibit coverage. Therefore, the Court declines to exercise its discretion and allow permissive intervention.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** the Motion to Intervene. (ECF No. 11.)

**IT IS SO ORDERED.**

**DATED: November 15, 2017**

Hon. Cynthia Bashant
United States District Judge