**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COLONY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> ADVANCED PARTICLE THERAPY, LLC, *et al.*, <br><br> Defendants. | Case No.: 17-cv-01427-BAS-AGS <br><br> **ORDER GRANTING IN PART AMENDED MOTION FOR PREJUDGMENT INTEREST AND ADDITIONAL DAMAGES** <br><br> **[ECF No. 17]** |

Presently before the Court is an amended motion for prejudgment interest and additional damages filed by Plaintiff Colony Insurance Company ("Colony") against Defendant Advanced Particle Therapy, L.L.C. ("APT"). Previously, the Court granted Plaintiff's motion for default judgment and denied Plaintiff's request for prejudgment interest, permitting leave to amend. APT has not opposed this motion.

For the following reasons, the Court **GRANTS IN PART** Plaintiff's amended motion for prejudgment interest and additional damages. (ECF No. 17.)

## I. LEGAL STANDARD

Under Rule 8(a)(3), a plaintiff's demand for relief must be specific, and he "must 'prove up' the amount of damages." *Philip Morris USA Inc. v. Banh*, No. CV 03–4043 GAF (PJWx), 2005 WL 5758392, at *6 (C.D. Cal. Jan. 14, 2005); *Elektra Entmn't Grp., Inc. v. Bryant*, No. CV 03- 6371 GAF(JTLx), 2004 WL 783123, at *5 (C.D. Cal. Feb. 13, 2004) ("Plaintiffs must 'prove up' the amount of damages that they are claiming"). Rule 54(c) limits the relief that can be sought in a motion for entry of default judgment to that identified in the complaint. Fed. R. Civ. Proc. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). *See also PepsiCo*, 238 F. Supp. 2d at 1174 (stating that a default judgment "shall not be different in kind from or exceed in amount that prayed for in the [complaint]"). Also, a defaulting defendant is not deemed to have admitted facts concerning damages alleged in the complaint. *See id.* at 1177 (citing *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)) ("Upon entry of default, all well pleaded facts in the complaint are taken as true, except those relating to damages.").

## II. DISCUSSION

The only outstanding matter before the Court relating to damages is the amount of prejudgment interest to which Plaintiff is entitled. To make Colony whole, prejudgment interest should be awarded beginning at the time that Colony incurred each injury. *See Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 651 (1983) (awarding prejudgment interest on royalty payments from the time each payment became due).

Colony brought this action seeking to convince the Court to apply California's ten percent per annum prejudgment interest rate as opposed to Virginia's six percent per annum prejudgment interest rate.[1] Applying California's ten percent prejudgment interest award,

---

[1] Usually, the burden is on the party advocating for a foreign law to show why that particular foreign law applies. *See Bruno v. Eckhart Corp.*, 280 F.R.D 540, 545 (C.D. Cal. 2012). However, in the context of a default judgment, the burden is on the plaintiff to

– 2 –

Colony argues it is entitled to $94,999.24 in prejudgment interest. (ECF No. 17.) On the other hand, applying Virginia's six percent prejudgment interest award entitles Colony to $56,987.98 in prejudgment interest. (*Id.*)

To decide which prejudgment interest rate applies, the Court employs a choice-of-law analysis.

### a. Choice of Law Analysis

Federal courts apply the choice of law doctrine of the state in which they sit. *Klaxon v. StentorElec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Because the Court has diversity jurisdiction over Plaintiff's state contract claims, California's choice of law provisions apply. In this case, the contract at issue does not contain a choice of law provision. (ECF No. 17.) Absent a choice of law provision, the Court applies a common law government interest test.[2]

The first step in a government interest test is to "identify the applicable rule of law in each potentially concerned state and [] show it materially differs from the law of California." *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1198 (S.D. Cal. 2007) (quoting *Wash. Mut. Bank, FA v. Super. Ct.*, 15 P.3d 1071, 1080 (2001)). If the laws are materially different, the second step is to "determine what interest, if any, each state has in having its own law applied to the case." *Id.* (quoting *Wash. Mut. Bank*, 15

---

sufficiently "prove up" damages. *See Philip Morris USA Inc.* 2005 WL 5758392, at *6. Therefore, in this context, the burden is on Colony to prove that California law applies. *See Datatel Sol., Inc. v. Keane Telecom Consulting, LLC*, No. 2:12-CV-1306-GEB-EFB, 2015 WL 411238, at * 5 (E.D. Cal. Jan. 30, 2015).

[2] California courts can also apply a statutory choice of law test in contract interpretation disputes. Under California Civil Code section 1646, if a contract is silent regarding place of performance, courts apply the law where the contract was "made." For reasons that follow, the Court finds that the outcome does not differ because the contract was made in Virginia. *See Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1197 (S.D. Cal. 2007) (applying the state of the insurer for where the contract was made).

P.3d at 1080). If that step is satisfied, then the third and final step is to "select the law of the state whose interests would be 'more impaired' if its law were not applied.'" *Id.* (quoting *Wash. Mut. Bank*, 15 P.3d at 1081).

### 1. Material difference

"A state's law is materially different than California law if application of the other state's law leads to a different result." *Costco* 472 F. Supp. 2d at 1200 (citing *Stonewall Surplus Lines Ins. Co., v. Johnson Controls, Inc.*, 17 Cal. Rptr. 2d 713, 716 (Cal. Ct. App. 1993)). Virginia's prejudgment interest award is six percent while California's award is ten percent. Va. Code Ann. § 6.2-302 (West 2010); Cal. Civ. Code § 3289 (West 2018). Consequently, Colony is entitled to $94,999.24 in prejudgment interest under California law, and $56,987.98 under Virginia law. Thus, given the resulting difference of nearly $40,000, the laws are materially different.

### 2. Any Interest

Because there is a material difference in applying Virginia's law over California's law, the Court must determine whether each state has an interest in the outcome of this litigation. *See Costco*, 472 F. Supp. 2d at 1198.

California has an interest in applying its own law because it is the forum state. *Rosenthal v. Fonda*, 862 F.2d 1398, 1402 (9th Cir. 1988). "Generally, the preference is to apply California law, rather than choose the foreign law as a rule of decision." *Id.* (quoting *Strassberg v. N. Eng. Mut. Life Ins. Co.*, 575 F.2d 1262, 1264 (9th Cir. 1978)). Likewise, Virginia has an interest in the outcome of this litigation because Plaintiff is incorporated in Virginia, has its principal place of business there, and presumably made the contract there. (Compl. ¶ 1, ECF No. 1.) Thus, both Virginia and California have a legal interest in the outcome of this litigation.

### 3. Comparative Impairment

Moving on to the third and final step, the Court finds that the failure to apply California's law would minimally impair California's interests, while failure to apply Virginia's law would substantially impair Virginia's interests.

Plaintiff argues that this Court should apply California's prejudgment interest rate for the following reasons: (1) Colony is a surplus lines insurer eligible to do business in California; (2) APT has one of its proton therapy cancer treatment centers in California; (3) APT has its principal place of business in California; (4) California is the forum state; (5) Colony issued the contract to APT at its principal place of business in California; and (6) "Colony intended that the Policy be a Policy for a California entity." (ECF No. 17.)

The Court is not convinced. APT has four separate proton therapy cancer treatments located in California, Texas, Georgia, and Maryland. (Compl. ¶ 4.) Indeed, the California cancer treatment center is not at issue in this case; instead, this case involves the Dallas, Texas center. (*Id.* ¶¶ 13-18.) It is also unlikely that both parties intended that each insurance agreement would be subject to as many as four conflicting contract interpretations. Plaintiff's argument, therefore, ignores the "understanding that, barring extraordinary circumstances, only one state's law should govern an insurance agreement." *Costco*, 472 F. Supp. 2d at 1205 (quoting *Md. Cas. Co. v. Cont'l. Cas. Co.*, 332 F.3d 145, 153 (2d Cir. 2003)). "Numerous jurisdictions have articulated the same view as to insurance policies covering risks in multiple states." *Id.* (applying the law of the insurer's home state regardless of where the loss occurred); *see also Combs v. Int'l Ins. Co.*, 354 F.3d 568, 587 (6th Cir. 2004) (finding that where risks are dispersed across state boundaries, location of any one risk "should make little difference"); *Fallon v. Super. Chaircraft Corp.*, 884 F.2d 229, 234 (5th Cir. 1989) (describing how applying multiple states' laws would "wreak havoc on the insurance industry"). Additionally, the contract was made in Virginia, Colony is incorporated in Virginia, and Colony has its principal place of business in Virginia. (Compl. ¶ 1.)

For these reasons, the Court believes that the laws of Colony's home state, Virginia, should govern the analysis.

### b. Colony "Proved Up" the Amount in Total Damages

To make Colony whole, prejudgment interest should be awarded beginning at the time that Colony incurred each injury. *See Gen. Motors Corp.*, 461 U.S. at 651. "The prejudgment interest on each payment by Colony for the defense of APT in the Underlying Actions was calculated on a per diem basis from the time the payment was made to December 18, 2017, the date when the Court granted Colony's motion for default judgment." (ECF No. 17.)

Applying Virginia's six percent prejudgment interest rate at the time Colony incurred each injury, Colony "proved up" a total of $56,987.98 in prejudgment interest. (ECF No. 17) (providing a chart for calculating prejudgment interest from the date each injury was realized); *see also Gen. Motors Corp.*, 461 U.S. at 651.

In addition, Colony is entitled to $890,362.82 in damages from APT for defense fees and costs incurred in the defense of APT in the multiple underlying actions. Previously, the Court found Colony "proved up" damages amounting to $812,891.99. (ECF No. 10 at 7.) Colony now states (and proves up) that it is entitled to an increased amount of damages because, since filing its motion for default judgment, it has made four additional payments in the amount of $77,470.83 to defend APT in the underlying actions. (ECF No. 17 at 5-6; *see also* Declaration of Patrick McGinley ¶¶ 3-20.) This brings Colony's total damages for defending APT to $890,362.82. Lastly, as stated in its previous order, Colony is entitled to attorney's fees totaling $16,902.50. (ECF No. 10.)

## III. CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART** Plaintiff's amended motion (ECF No. 17) for prejudgment interest and additional damages, using Virginia's six percent prejudgment interest rate. Accordingly, Plaintiff is entitled to $890,362.82 in damages,

$56,987.98 in prejudgment interest, and $16,902.50 in attorney's fees, bringing the total damages award to $964,253.30. Consequently, the Court directs the Clerk of the Court to enter a default judgment in favor of Plaintiff in the amount of $964,253.30.

**IT IS SO ORDERED.**

DATED: March 13, 2018

Hon. Cynthia Bashant
United States District Judge